# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VIRGIL SENIOR,

      Petitioner,

v.

      Civil Case No. 10-11794

UNITED STATES of AMERICA,

      Respondent.

                                               /

## OPINION AND ORDER DENYING FEDERAL HABEAS CORPUS PETITION

Pending before the court is Petitioner Virgil Senior's habeas corpus petition under 28 U.S.C. § 2241. Petitioner originally asked for relief by filing motions under the case's criminal docket, but the court construed his motions as a § 2241 petition for habeas corpus. Because the Petitioner has not demonstrated that he is entitled to relief, the court will deny the petition.

While serving a prison term for a parole violation, Petitioner was charged and eventually pleaded guilty in federal court of possessing with the intent to distribute less than fifty grams of cocaine. The court sentenced Petitioner to 132 months of imprisonment to be served concurrently with his state conviction. Petitioner now asks the court to credit him with time served, as applied against the 132-month federal conviction, for some five-hundred days that he served "before and after" the federal sentence was imposed.

> Although a defendant is entitled to sentencing credit toward "the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," 18 U.S.C. § 3585(b), it is the Attorney General, through the Bureau of Prisons, and not the district court that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996). Only after a prisoner seeks administrative review of the computation of this credit, *see* 28 C.F.R. §§ 542.10-.16 (1997), and has exhausted administrative remedies, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

*United States v. Oglesby*, 52 F. App'x 712, 713-714, No. 08-3143, 2002 WL 31770320, at *1 (6th Cir. Dec. 9, 2002).

The Government asserts that Petitioner has failed to exhaust administrative remedies, but the record suggests otherwise. The administrative remedy available to Petitioner is a four-step process: (1) informal complaint; (2) a "Request for an Administrative Remedy," which must be filed within 20 days from the occurrence that forms the basis for the complaint; (3) appeal to the "Regional Director" within 20 days from the date of the Warden's signature rejecting the Request for an Administrative Remedy"; and (4) appeal to the "appropriate General Counsel" within thirty days of the Regional Director's signature. 28 C.F.R. §§ 542.13-.15.

The record contains evidence that Petitioner took all four steps. Petitioner first made an informal complaint and was told to file a Request for Administrative Remedy. (Pl.'s Resp. 20.) On June 24, 2009, the warden denied his Request for Administrative Remedy. (Pl.'s Resp. 19.) On July 14, 2009, twenty days after the Warden's signature, Petitioner signed his appeal of the warden's decision. (Pl.'s Resp. 18.) The appeal's "receipt" section is stamped with a date of July 17, 2009. On August 25, 2009, the regional director rejected Petitioner's appeal. (Pl.'s Resp. 15.) Then on September 4, 2009, Petitioner signed his appeal to the general counsel. (Pl.'s Resp. 13.) This appeal is not stamped with a received date. Petitioner's final appeal was rejected on October 26, 2009. Thus, the record is consistent with Petitioner having exhausted administrative remedies.

Nonetheless, the record is somewhat ambiguous as to whether Petitioner timely exhausted his administrative remedies. It is not clear when the basis of his complaint accrued, thus triggering the twenty-day time limit for the Request for Administrative Remedy. Moreover, it is unclear whether his appeal of the Warden's decision, which

was stamped received on July 17, 2009, was within the twenty-day time limit for appealing the Warden's decision.

Regardless of the timeliness of the Petitioner's administrative remedy efforts, his petition must be rejected on the merits. The time that Petitioner spent in custody before the court imposed his federal sentence was credited and served toward his previous state sentence.

> Under 18 U.S.C. § 3585(b), a defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." [Defendant] received credit on his state sentences for the time that he spent in state custody between September 12, 1992, and March 4, 1994. Because [Defendant] received credit toward his state sentences for the time period in question, he may not receive credit for this time toward his federal sentence.

*Garrett v. Snyder*, 41 F. App'x 756, 757, No. 00-5749, 2002 WL 1379036, at * 1 (6th Cir. June 25, 2002). Here, Petitioner received credit toward his state sentence for the time served before the court imposed his federal sentence. Accordingly, the BOP committed no error by refusing to credit him with the time served toward his state sentence.

Petitioner also asks this court to credit him with time served *after* the court imposed his sentence. The court determined that his state and federal sentences should run concurrently, so Petitioner is correct that he should be credited with time served toward his federal sentence beginning on July 24, 2008. The record establishes the BOP is doing just that: "Your federal sentence has been computed as commencing on July 24, 2008." The BOP has therefore committed no error. Accordingly,

IT IS ORDERED that Petitioner's habeas corpus petition is DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 6, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 6, 2010, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522